UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT FRANKLIN BLACKMON,

    *Plaintiff,*

v.

HAYNES-LOVE,
SPENCER BURKE,
GOMEZ,
JOHN DOE, and
BREWER,

    *Defendants*.
_____/

CASE NO. 16-12671

DISTRICT JUDGE LINDA V. PARKER
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION TO APPOINT COUNSEL AND MOTION FOR PRELIMINARY INJUNCTION,
(Docs. 20 & 21)

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion to Appoint Counsel (Doc. 20) be **DENIED WITHOUT PREJUDICE**, and that his Motion for Preliminary Injunction (Doc. 21) be **DENIED WITHOUT PREJUDICE**.

**II.  REPORT**

**A.  Introduction**

Plaintiff Dwight Franklin Blackmon is a state prisoner who filed a *pro se* complaint on July 19, 2016 alleging deliberate indifference to his serious medical needs. (Doc. 1). On that same day, Plaintiff's application to proceed *in forma pauperis* was granted. (Doc. 2). On October 14, 2016, the case was referred to the undersigned magistrate judge. (Doc. 15).

Shortly thereafter, on October 25, 2016, Plaintiff filed the instant motions for appointment of counsel and preliminary injunction. (Docs. 20-21).

### B. Motion To Appoint Counsel

Plaintiff further asks the Court to appoint counsel to represent him because: (1) he "is unable to afford counsel"; (2) the "issues involved in this case are complex"; (3) he "has extremely limited access to the law library"; and (4) he "has limited knowledge of the law." (Doc. 20).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917-18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

If the claims are frivolous or have "extremely slim" chances of success, the court should not appoint counsel. *Richmond*, 450 F. App'x at 452. Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless,

a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782-83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

On July 19, 2016, Plaintiff filed a competently drafted complaint with this Court. (Doc. 1). Thereafter, he submitted four motions on October 25, 2016, all of which included specific grounds for the requests buttressed by case law and statutory references. Although Plaintiff's understanding of the law seems far from perfect, the legal issues at play in this case are not sufficiently complex to warrant appointment of counsel at this early stage in the proceedings. This rings especially true where, as discussed *infra*, the merits of the case do not clearly favor Plaintiff. For this reason, Plaintiff's motion to appoint counsel should be denied.

### C. Motion for Preliminary Injunction

Plaintiff moves for the issuance of a preliminary injunction or temporary restraining order "to ensure he is safe from any further injuries/risk due to the MDOC['s] 'mali[ci]ous negligence'" resulting from MDOC employees' refusal to accommodate his need for a bottom bunk, "contrary to a physician's instructions." (Doc. 21 at 1).

When considering whether to issue preliminary injunctive relief, a court must balance the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3)

> whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.

*Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). Because a preliminary injunction is "an extraordinary remedy," the movant must make a far more stringent showing of proof than that required to survive summary judgment. *Winger v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Farnsworth v. Nationstar Mortgage, LLC*, 569 F. App'x 421, 425 (6th Cir. 2014). "Although no one factor is controlling," a movant who cannot demonstrate likelihood of success on the merits typically cannot attain preliminary relief. *Gonzales v. Nat'l Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). "[W]here a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting." *Sango v. Wakley*, No. 1:14-cv-703, 2014 WL 3894652, at *2 (W.D. Mich. Aug. 8, 2014).

Plaintiff's claim arises from an incident in April 2015. He alleges that in early April, he "began to have difficulties climbing on[]to; or down[]off of the [top bunk] in which he was assigned." (Doc. 1 at 4). He complained to Defendant Haynes-Love that "his nerves and motor skills are [a]ffecting his ability to function properly [and] that he almost fell off the top bunk twice." (*Id.*). On April 8, he "started having chest pains" and Defendant Spencer Burke, a nurse, "evaluated Plaintiff [and] determined he needed to be seen by the [d]octor." (*Id.* at 5). Burke issued Plaintiff "a special accommodation medical detail of (1) Bottom bunk; and (2) Lay-in from work/gym." (*Id.*). He further contends that Haynes-Love declined to acknowledge his order with some animosity and perpetrated rumors that he

planned to fall from his bunk; that he then tumbled off the top bunk on the evening of April 8, 2015 and the morning of April 9, 2015; and that Doctor Charles S. Jansen re-issued his bottom bunk detail on April 10, 2015. (*Id.* at 5-7).

Plaintiff appears to have exhausted administrative remedies against only Hayes-Love, as he never filed a grievance relating to any other issue against any other defendant, even though he mentioned them when appealing his original grievance. Absent much needed evidence of additional grievances, this failure would preclude successful litigation against any other defendants in this case. *E.g.*, *Fitts v. Faghihnia*, 21 F. App'x 243, 245 (6th Cir. 2001) ("Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, . . . and the prisoner has the burden of demonstrating that he has exhausted these remedies." (internal citations omitted)).

Defendants' summary judgment motion notes that Plaintiff has sued Defendants in their official capacities as well as their individual capacities and seeks dismissal of the official capacity claims based on Eleventh Amendment immunity. (Doc. 23 at 11-13). Plaintiff's likelihood of success as to these official capacity claims is nil. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While this rule would bar suit against the MDOC itself, see *O'Brien v. Michigan Dept. of Corrs.*, 592 F. App'x 338, 341 (6th Cir. 2014), and it would bar official capacity suits for money damages, it does not bar the individual capacity claims. *Pennhurst*, 465 U.S. at 120.

In examining the individual capacity suits, since Plaintiff has appeared to have exhausted remedies as to Haynes-Love only, I will consider the strength of Plaintiff's

complaint only as it pertains to Haynes-Love. To surmount Hayes-Love's qualified immunity defense, Plaintiff must establish both: (1) that the facts alleged show that Hayes-Love's conduct violated his constitutional right, and (2) that the right violated was clearly established. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Deliberate indifference to an inmate's serious medical needs violates a clearly established right. *E.g.*, *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 545 (6th Cir. 2008). Demonstrating such indifference requires an "objective" component—"the existence of a sufficiently serious medical need"—and a "subjective" component—the defendant "'recklessly disregard[ed] th[e] risk'" the prisoner's medical need posed. *Baynes v. Cleland*, 799 F.3d 600, 618 (6th Cir. 2015) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)).

     Plaintiff's allegations outline a colorable constitutional claim against Hayes-Love. He suggests that Haynes-Love was aware of Plaintiff's unease on the top bunk, and that she thereafter ignored Plaintiff's order for a bottom bunk and prevented him from attaining prompt medical care by telling others that Plaintiff planned on lying about falling from his bunk. On its face, this series of allegations, if proven, could arguably meet the standard that she "kn[e]w[] of and disregard[] an excessive risk to inmate health or safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Defendant Brewer noted, in his Step II Grievance Response to Plaintiff's grievance, that "Unit Officers [such as Haynes-Love] do not have the authority to move or deny prisoner moves," (Doc. 1, Ex. A at 11), but such fact does not conclusively establish that Haynes-Love complied with her constitutional duties but it does cast doubt as to whether Plaintiff could meet the objective component. Plaintiff's bald complaints as to difficulty mounting his bunk evinced a medical need "so obvious that even

a lay person would easily recognize the necessity for a doctor's attention" seems doubtful. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004). There is also a significant question as to whether Plaintiff can fulfill the subjective component of the constitutional test: If Haynes-Love merely doubted Plaintiff's complaints, or acted negligently, no liability attaches. Thus, Plaintiff enjoys a modest likelihood of success in obtaining relief against Haynes-Love. Such a finding advises against the granting of injunctive relief.

Though Plaintiff's complaint bespeaks some vulnerability to potential injury, the extent of such injury remains unclear. Harm proves irreparable "only if it is not fully compensable by monetary damages." *Jackson v. Nelson*, No. 1:13-cv-827, 2013 WL 6076891, at *14 (W.D. Mich. Nov. 19, 2013). Plaintiff fails to show an urgent need for injunctive relief. For instance, his motion for a preliminary injunction certifies that he "has been denied safety precautions to receive a bottom bunk," (Doc. 21), not that the prison *continues* to deny such accommodation, or *will* deny such accommodation in the future. Rather, Plaintiff's complaint implies only a temporary past deprivation. (Doc. 1 at 7) ("Doctor: Charles S. Jansen . . . explained that [someone] made a mistake [and] that[']s why he did not get placed on a bottom bunk for (2) two days."); (*Id.* at 8) (articulating that the response to his grievance noted how "He was moved to a bottom bunk on April 10, 2015. Therefore, the grievance cannot be substantiated"); (*Id.* at 10) (reiterating, in his step three appeal, that "(1) 04/08/2015 my bottom bunk detail got ignored, (2) 04/09/2015, I fell attempting to reach the top bunk, (3) 04/10/2015 he was placed on a bottom bunk. After, the damage was already done his back pain and injury heighte[ned] and his 8th Amendment Rights were violated"); (*Id.*) ("The move did not occur until 4-10-15.").

Moreover, he waffles or retreats to vagaries when describing the nature of his injuries, e.g., (*Id.* Ex. A at 7) ("As a result, my lower back has since caused me a new set of health issues. This pain is pervasive and possibly irreparable."), and his doctor has not diagnosed him with any particular condition, e.g., (*Id.* at 16).

Falling from one's top bunk could theoretically result in significant bodily harm if one's health issues are not properly accommodated, as could an effective deprivation of a bed or proper resting area. *Cf. Tate v. Frey*, 735 F.2d 986, 990 (6th Cir. 1984) (finding no abuse of discretion in granting injunctive relief to remedy situation in which "inmates were required to sleep on tables, shelves and floors," or in holding cells with "no beds or sleeping facilities of any type" due to overcrowding); *Yarbaugh v. Roach*, 736 F.Supp. 318, 320 (D.D.C. 1990) (granting preliminary relief to inmate who had "difficulty transferring unassisted from his bed to his wheelchair, and vice versa, and ha[d] occasionally fallen doing so," yet "routinely receive[d] no assistance" from the jail staff). But this fact alone will not warrant injunctive relief absent evidence that the dangerous condition persists.

I note that accommodating Plaintiff's bottom bunk detail would likely cause little to no difficulty for the prison officials concerned. If Plaintiff could demonstrate that his bottom bunk order remains unfulfilled, the analysis may change. Absent such evidence, however, I recommend that the Court deny Plaintiff's request for a preliminary injunction.

### D. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's Motion To Appoint Counsel, (Doc. 20), be **DENIED WITHOUT PREJUDICE**, and that his Motion for Preliminary Injunction, (Doc. 21), be **DENIED WITHOUT PREJUDICE**.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 7, 2016                           S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge


**CERTIFICATION**

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Dwight Franklin Blackmon #850454 at Bellamy Creek (MSP), Bellamy Creek Correctional Facility, 1727 W. Bluewater Hwy., Ionia, MI 48846.

Date: November 7, 2016                            By s/Kristen Castaneda
                                                  Case Manager