UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT FRANKLIN BLACKMON,

    Plaintiff,

v.                                                     Civil Case No. 16-12671
                                                     Honorable Linda V. Parker

HAYNES-LOVE, SPENCER BURKE,
GOMEZ, JOHN DOE, and BREWER,

    Defendants.
_____/

## **OPINION AND ORDER (1) DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2) AND (2) DENYING AS MOOT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

This is a civil rights action filed under 42 U.S.C. § 1983, in which Plaintiff Dwight Franklin Blackmon ("Plaintiff") alleges Defendants violated his Eighth Amendment rights. On October 27, 2016, Defendants Beverly Haynes-Love, Daniel Gomez, and Shawn Brewer filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 23.) On February 9, 2017, Defendant Spencer Burke filed a motion for summary judgment pursuant to Rule 56. (ECF No. 35.) On March 10, 2017, Plaintiff filed a "notice of dismissal," in which he states that he wants to voluntarily dismiss this lawsuit without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure due to his inability to properly litigate his claim. (ECF No. 38.)

Rule 41(a)(2) requires a plaintiff to seek an order of the court or stipulation of the opposing party to voluntarily dismiss an action where, as is the case here, the opposing party has filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). The court may grant the request for voluntary dismissal "on terms that the court considers proper." *Id*. The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In the context of Rule 41(a)(2), an "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). When deciding whether the defendant will suffer "plain legal prejudice", the Sixth Circuit has instructed courts to consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718 (citation omitted).

Applying those factors here leads the Court to conclude that dismissal is appropriate. Defendants filed motions for summary judgment, but one of the

motions is not fully briefed and no decision has been rendered on the other motion.[1]  The motions were filed early in the litigation before discovery was conducted.  As such, it does not appear that Defendants have expended great effort or expense defending Plaintiff's claim at this point.  They certainly have not expended effort or expense preparing for trial.  Defendants have not opposed Plaintiff's request to voluntarily dismiss the action without prejudice.  Plaintiff's inability to properly litigate his claim against defendant is not an insufficient explanation for seeking dismissal.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to voluntarily dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 41(a) (ECF No. 38) is **GRANTED** and his **COMPLAINT IS DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 23 and 35) are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 13, 2017

---

[1] Magistrate Judge Patricia Morris issued a Report and Recommendation with respect to the first-filed summary judgment motion.  (ECF No. 37.)  This Court has not issued a decision adopting or rejecting Judge Morris' recommendations, however,

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 13, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager